COURT OF APPEALS
DECISION
DATED AND FILED

**January 28, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2021AP1829**
**2021AP1830**

Cir. Ct. Nos. 2020TP14
2020TP15

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT III**

NO. **2021AP1829**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO S. T.,
A PERSON UNDER THE AGE OF 18:

DUNN COUNTY HUMAN SERVICES,

PETITIONER-RESPONDENT,

V.

N. R.,

RESPONDENT-APPELLANT.

NO. **2021AP1830**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO B. T.,
A PERSON UNDER THE AGE OF 18:

DUNN COUNTY HUMAN SERVICES,

PETITIONER-RESPONDENT,

V.

**N. R.,**

   **RESPONDENT-APPELLANT.**

_____

APPEALS from orders of the circuit court for Dunn County: ROD W. SMELTZER, Judge. *Affirmed.*

¶1      STARK, P.J.[1]   Nora[2] appeals from orders terminating her parental rights to her two children.[3]   Nora claims that the circuit court erroneously exercised its discretion by admitting the testimony of the children's foster mother as well as two photographs of Nora's children at a jury trial held on Dunn County's petition for termination of her parental rights (TPR).   Nora argues the testimony and photographs were irrelevant and that they were unfairly prejudicial.

¶2      We conclude that the circuit court properly determined the foster mother's testimony was relevant both to establish the children's condition at the time of their removal from Nora's care, and to address Nora's lack of compliance with the conditions for return of her children imposed in the court's order finding

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2019-20).  All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2]  For ease of reading and to protect confidentiality, we refer to the appellant in this confidential matter using a pseudonym, rather than her initials or name.

[3]  Cases appealed under WIS. STAT. RULE 809.107 "shall be given preference and shall be taken in an order that ensures that a decision is issued within 30 days after the filing of the appellant's reply …." *See* RULE 809.107(6)(e).  Conflicts in this court's calendar have resulted in a delay.  It is therefore necessary for this court to sua sponte extend the deadline for a decision in this case. *See* WIS. STAT. RULE 809.82(2)(a); ***Rhonda R.D. v. Franklin R.D.***, 191 Wis. 2d 680, 694, 530 N.W.2d 34 (Ct. App. 1995).  Accordingly, we extend our deadline to the date this decision is issued.

the children in need of protection or services (CHIPS). We further conclude that the photographs were irrelevant to the issues at trial, but any error in admitting them was harmless. Accordingly, we affirm the orders terminating Nora's parental rights to her children.

## BACKGROUND

¶3 Nora's children were born in 2018 and 2019. In February 2020, both children were found to be CHIPS and were placed outside of Nora's home. The County filed petitions to terminate Nora's parental rights to her children in December 2020. It subsequently amended its petitions, ultimately seeking termination based upon the children's continuing need for protection or services under WIS. STAT. § 48.415(2)(a).[4]

¶4 Nora contested the petitions, and a jury trial occurred on June 10 and 11, 2021. Nora's attorney filed a motion in limine and also orally moved the circuit court to prohibit the admission of any photographs of Nora's children on the basis that they were "not related" to the issues in the trial and their only purpose would be to "arouse sympathies." The court granted the motion. It ordered that the photographs taken of Nora's children while in foster care were not to be admitted, as it found they would be cumulative of other testimony and "would be overreaching as far as what evidence that the children, their appearance, etcetera, and care while they were in foster care. So we would hope they would look great in foster care."

---

[4] The County also petitioned to terminate the parental rights of the children's father. His rights are not at issue in these appeals.

¶5      The circuit court did, however, allow two photographs of Nora's children taken the day they were removed from Nora's home to be admitted at trial to serve as a "baseline" of the children's condition at the time of their removal. One photograph shows a close up view of the face and shoulders of the older child in a car seat. The other photograph shows the younger child lying in her crib wearing a diaper. Both photographs depict the children with neutral facial expressions. These photographs were later shown to the jury and were described as a picture of each child on the date of their removal in February 2020.

¶6      In her motion in limine, Nora also objected to the children's foster mother testifying at trial. Nora argued that the foster mother's testimony was not related to either the question of whether the County made a reasonable effort to provide her with court-ordered services, or whether Nora had met the conditions for the return of her children.

¶7      The circuit court denied Nora's motion, reasoning: "There would be allowable testimony by the foster parent [as to] what conditions were when the children—what's the baseline when the children were taken into custody, she can testify to that. She can testify to the results after in their care, etcetera." Nora made two oral motions on the second day of trial, again arguing that the foster mother's testimony would be cumulative and prejudicial. In response, the court further limited the foster mother's testimony to the purposes explained by the County's counsel:

> She can also testify how the children react and behave after visits with the parents and when the parents fail to appear for their visits. The testimony does show reasonable efforts to provide services ordered by the Court. And the jury instruction states that includes evidence regarding characteristics of the parents and the children, level of cooperation of the parents, and other relevant

4

circumstances of the case. And it also goes to the parents['] performance in meeting the conditions for return.

¶8      The foster mother briefly testified at trial as to the conditions of the children on their removal from Nora's care and afterward, and as to the nature of the virtual calls between the children and Nora. She also testified about the scheduled in-person visits, the occasions that Nora failed to attend those visits, and the effect that failure had on the children.

¶9      Ultimately, the jury entered a verdict finding that the children were in continuing need of protection or services under WIS. STAT. § 48.415(2)(a). At a dispositional hearing held on July 19, 2021, the circuit court found that it was in both children's best interests to terminate Nora's parental rights. Nora now appeals from both TPR orders entered following the dispositional hearing.

## DISCUSSION

¶10      Nora argues that the circuit court erroneously exercised its discretion by allowing the children's foster mother to testify at trial and by admitting photographs of Nora's children. An appellate court reviews a circuit court's decision to admit or exclude evidence under an erroneous exercise of discretion standard. *See* ***Weborg v. Jenny***, 2012 WI 67, ¶41, 341 Wis. 2d 668, 816 N.W.2d 191. A circuit court erroneously exercises its discretion if it applies the wrong legal standard, or if the facts of the record fail to support the court's decision. *See id.* Our review of a circuit court's discretionary decision is highly deferential. ***Olivarez v. Unitrin Prop. & Cas. Ins. Co.***, 2006 WI App 189, ¶16, 296 Wis. 2d 337, 723 N.W.2d 131. We look to the circuit court's reasoning and explanation of its discretionary decisions, and we uphold its decision "unless it can be said that no reasonable judge, acting on the same facts and underlying law, could reach the

5

same conclusion." ***State v. Jeske***, 197 Wis. 2d 905, 913, 541 N.W.2d 225 (Ct. App. 1995).

¶11  We first address Nora's argument that the circuit court erroneously exercised its discretion by allowing the children's foster mother to testify at trial. Nora claims that the court determined the foster mother's testimony was "relevant because it tended to show whether and how much the children had improved in foster care." She contends, however, that this testimony was not relevant to the continuing CHIPS ground. Nora argues that, instead, the primary effect of allowing the foster mother testify to the children's improvement in foster care was to compare the foster mother to Nora, thus creating an unreasonable risk that the jury would make this comparison an improper part of its consideration.

¶12  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." WIS. STAT. § 904.01. Here, the County was tasked with proving, by clear and convincing evidence, the elements of the continuing CHIPS ground: (1) whether Nora's children had been adjudicated CHIPS and had been placed outside of her home for a cumulative total period of six months or more; (2) whether the County made a reasonable effort to provide the services ordered by the circuit court; and (3) whether Nora had failed to meet the conditions established for the safe return of her children to her home. *See* WIS. STAT. § 48.415(2)(a). As to the last element, in order for Nora's children to be returned to her home, Nora's court-ordered conditions required her to maintain a safe and suitable home, meet with her social worker regularly, have face-to-face visits with her children, and work with various service providers. In addition, to transition to unsupervised visits with her children, Nora was

6

required—among other things—to be on time for her scheduled visits, give notice in advance if she needed to cancel a visit, appropriately display affection for her children, and care for and supervise them during her visits.

¶13 The circuit court explicitly and properly limited the foster mother's testimony to topics relevant to the TPR ground being tried. Contrary to Nora's argument, the court's reasoning in permitting the foster mother's testimony was not simply that it was relevant to show how much the children had improved in foster care—a statement it made in addressing Nora's motion in limine on the first day of trial. The court later instructed that the foster mother's testimony be further limited to the following areas: to present evidence of Nora's performance, or lack thereof, in meeting her conditions for the return of the children; and to explain how the children reacted during Nora's visits and after she failed to appear for visits. Both of these topics were relevant to the ground being tried.

¶14 We further note that the foster mother's testimony was brief, spanning only six pages of the transcript from a lengthy two-day trial. Her testimony included information about the visits arranged by the County, relevant descriptions of Nora's visits, and descriptions of the children's behavior during those visits, as well as on those occasions when Nora did not attend her scheduled visits. Pursuant to the circuit court's ruling, her testimony was limited and relevant to the CHIPS ground at issue—both as to whether the County made a reasonable effort to provide Nora with services to assist in the children's return to her care, and whether Nora met the conditions for the children's safe return.

¶15 The foster mother also described the children's conditions when they entered her care, noting that the younger child was very ill when she arrived and was suffering from severe constipation and respiratory issues. The foster mother

7

further described that when both children arrived in her care, they were "glazed over. They were lifeless. They had no emotions." She testified to the efforts she and the County made to help the children regain their health. The circuit court properly exercised its discretion in allowing the foster mother's testimony at trial to establish a baseline for the children's conditions on their removal from Nora's care and to inform the jury about the nature of the services the County provided thereafter.

¶16 Nora also argues that the circuit court erroneously exercised its discretion by allowing the admission of photographs of her children at trial. She asserts that "[t]here was no good reason to show the jury photographs of the children." Nora further asserts that "[p]hotographs have a unique tendency to capture a jury's attention to the exclusion of other testimony," and the purpose of the photographs was "to distract the jury from the question of reasonable efforts" the County was required to provide for the return of her children. She contends: "[t]he[] photographs were not relevant in any way. All they show is that the children are, as it were, very cute. This created an unreasonable risk that the jury would focus on the fate of the children rather than the actions of [Nora] and [the County]."

¶17 The County argues—mirroring the circuit court's reasoning for admitting the photographs—that the photographs provided a baseline for the children's conditions at the time of their removal from Nora's care, and that they assisted the jury in determining whether Nora made progress on the conditions for the return of her children. The County further asserts that the photographs show the children with vacant stares, supporting the foster mother's testimony about their status at the time of their removal from Nora's care.

¶18    Although the County provides citation to case law supporting the proposition that evidence of the children's conditions prior to removal may be admissible, it fails to explain how the photographs of the two children assist in this regard. The photographs show the children with neutral facial expressions. They do not show that the children are ill, unkempt or in dire physical need or circumstances, and they provide no context or explanation for the children's conditions. The photographs do not help clarify or relate to any issue in controversy and are therefore not relevant for their stated purpose. At best, the photographs may have provided the jury with some context by allowing the jurors to see the children whose care was at issue in the case. Because the photographs were not relevant, the circuit court erroneously exercised its discretion in admitting them.

¶19    Nevertheless, we determine the admission of the photographs was harmless error. Under WIS. STAT. § 805.18(2), an error is harmless unless "the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure a new trial." An error affects the substantial rights of a party if there is a reasonable probability of a different outcome, meaning a "probability sufficient to undermine confidence in the outcome." *State v. Kleser*, 2010 WI 88, ¶94, 328 Wis. 2d 42, 786 N.W.2d 144 (citation omitted).

¶20    We conclude that the admission of the two neutral pictures of Nora's children, in the context of a lengthy trial with extensive testimony from witnesses, did not create an "unreasonable risk" that the jury would focus on the fate of the children instead of on the actions of the County and Nora in rendering its verdict. The County did not place any emphasis on the pictures, and Nora does not identify

any way in which these pictures—which she admits only show that the children are "very cute"—were used to mislead or unduly influence the jury. Additionally, the jury was directly instructed that the consideration of the children's best interests was a determination for a future hearing. Jurors are presumed to follow a court's instructions. *Seifert v. Balink*, 2015 WI App 59, ¶41, 364 Wis. 2d 692, 869 N.W.2d 493.

¶21 Still, Nora argues that the photographs were offered to distract the jury from what she claims was a relative lack of trial evidence on the County's reasonable efforts to provide the court-ordered services required for the return of her children. She does not argue, however, that there was insufficient evidence for the jury to find that the County made a reasonable effort to provide her with those services. Given the insignificance of these two innocuous photographs in the course of a two-day trial, we conclude that any error in admission of those photographs was harmless.[5]

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[5] Nora devotes a substantial portion of her brief to arguing that there was a lack of strong evidence that the County made a reasonable effort to provide court-ordered services to her, and that the improper evidence admitted to the jury should undermine this court's confidence in the outcome of the proceedings. We reject this argument, as we have already concluded that the evidence Nora challenges was either properly admitted, or if it was improperly admitted, the error was harmless. Because Nora makes it clear that "this appeal does not argue that there was not enough evidence to support the verdict," we will not separately address the sufficiency of the evidence analysis in regard to whether a reasonable effort was made.